UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHANDLER ALLEN INGERSOLL**    **REG. # 05816-091** | **:** | **DOCKET NO. 2:22-cv-02242**    **SECTION P** |
| **VERSUS** | **:** | **JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | **:** | **MAGISTRATE JUDGE KAY** |

*Consolidated with*

| | | |
|---|---|---|
| **CHANDLER ALLEN INGERSOLL**    **REG. # 05816-091** | **:** | **DOCKET NO. 2:22-cv-05188**    **SECTION P** |
| **VERSUS** | **:** | **JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Chandler Allen Ingersoll. Ingersoll is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Medical Center in Fort Worth, Texas. At the time the petition was filed, petitioner was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

Ingersoll challenges his 2014 conviction in the United States District Court for the District of Wyoming. Doc. 1, p. 1. He files the instant petition raising three claims: "(1) the U.S. Attorney did NOT affirmatively establish on the record or have standing to file gun charge(s) or drug charge(s) against Petitioner because there was no inter-state commerce involved with either; (2) the Court did NOT affirmatively establish on the record, inter-state commerce or its territorial, legislative or subject-matter jurisdiction as mandated 'threshold matter.' Therefore the prosecution must be dismissed ab initio for want of standing and jurisdiction; and (3) Petitioner properly served the court and the government a Counter Claim, in which Petitioner alleged that they had NO standing or jurisdiction to prosecute the Petitioner. The Petitioner demanded a responsive answer in said Counter Claim." *Id*. at pp. 5-6. He asks this Court to dismiss the charges against him, which led to his "unconstitutional incarceration," for lack of standing and jurisdiction. *Id*. at p. 7.

# II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Section 2241*

The Court must first determine whether or not petitioner's claims may be properly raised in a § 2241 habeas corpus petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. § 2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden*, *Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

As Petitioner attacks the legality of his conviction, his claims are more properly raised in a Motion to Vacate filed pursuant to § 2255. Therefore, petitioner may bring this habeas action only if he can demonstrate that § 2255's remedy is "inadequate or ineffective to test the legality of his detention. "In order to proceed under § 2255's 'savings clause' he must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial or appeal. Therefore, his petition for writ of habeas corpus must be dismissed.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 21st day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE